UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JONES, | No. 2:14-cv-0486 JAM GGH P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, KERN VALLEY STATE PRISON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Petitioner's previous applications to proceed in forma pauperis will therefore be denied as moot.

Petitioner has filed a motion to stay pending exhaustion of unexhausted claims. The records indicate that petitioner initially opened this action by requesting an extension of time to file his federal habeas petition because he did not have access to his personal property while he was in crisis care at California Health Care Facility in Stockton and was recently returned to Kern Valley State Prison. (ECF No. 1.) His request was denied, and he then filed his petition on April 14, 2014. (ECF No. 8.) Petitioner's motion to stay explains that he is filing his petition with unexhausted claims because the court ordered him to do so, instead of granting him an extension of time. He indicates that he filed his last exhaustion petition with the California Supreme Court on March 25, 2014, and has been waiting for that court's decision.

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. cenied, 478 U.S. 1021 (1986). A state court has had an opportunity to rule on the merits of a claim when the petitioner has fairly presented that claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).

It is unclear whether *any* of the claims are exhausted and thus whether this is a mixed petition. For example, petitioner states that he is currently exhausting a claim for "ineffective assistance of counsel," in addition to other claims, (ECF no. 8 at 2); however, his Ground Four is for "ineffective assistance of counsel on direct appeal," and it is not clear if petitioner is attempting to exhaust this claim also, or if it is already exhausted. (Id. at 5.) Also confusing is that Ground Four, although directed at the actions of appellate counsel, discusses the trial judge's actions. (Id. at 13.)

Therefore, petitioner is directed to file an amended petition which clearly sets forth which claims are exhausted, and which claims are unexhausted. Petitioner shall also clarify his Ground

1  Four, and the alleged errors of appellate counsel in regard to the trial judge's refusal to recuse
2  himself.  To the extent possible, petitioner should provide the court with any supplemental
3  materials which may have assisted the court in determining what occurred at petitioner's trial and
4  appeal, such as briefs by his past counsel, or opinions by the state courts.  The decision on
5  petitioner's motion to stay is deferred pending the filing of his amended petition.

6        In accordance with the above, IT IS HEREBY ORDERED that:

7        1.  Petitioner's motions to proceed in forma pauperis, filed March 13 and 20, 2014 (ECF
8  Nos. 6, 7), are denied as moot.

9        2.  Petitioner's petition for writ of habeas corpus is dismissed with leave to file an
10 amended petition within thirty days from the date of this order;

11       3.  Any amended petition must be filed on the form provided with this order, must name
12 the proper respondent, and must state all claims and prayers for relief on the form; it must bear
13 the case number assigned to this action and the title "Amended Petition"; failure to file an
14 amended petition will result in the dismissal of this action; and

15       4.  The Clerk of the Court is directed to send petitioner the court's form petition for writ of
16 habeas corpus pursuant to 28 U.S.C. § 2254.

18 Dated: May 21, 2014

19               /s/ Gregory G. Hollows
20            UNITED STATES MAGISTRATE JUDGE

21 GGH:076
   jone0486.stay