UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JONES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, KERN VALLEY STATE, PRISON<br><br>　　　　　Defendants. | No.  2:14-cv-0486 JAM GGH<br><br><br>ORDER |

　　　Pending before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as the answer and traverse.

　　　The undersigned desires further briefing on the following issues:

1. The state of the record before the appellate court regarding the issue of petitioner's mental state, i.e., did it include the exhibits attached to the First Amended Petition;

2. If the record contained the aforementioned exhibits, whether the appellate court misread the record, or otherwise unreasonably found the facts, with respect its finding that:

> Because there is no evidence in the record that the trial court entertained any concern as to defendant's competence to stand trial, we conclude the trial court was not required to suspend the criminal

1

proceedings pursuant to section 1368.

People v. Jones, 2012 WL 3860801 (Cal. App 2012)[1]

3. If the answer to question 2 is assumed in the affirmative, whether a judge's doubt as to a defendant's competency must be specified *on the record* for purposes of constitutional due process; [2]

4. If the answers to question 2 and 3 are assumed in the affirmative, whether an ex parte contact by the trial judge with Jail mental health professionals on the subject of mental health pursuant to Cal. Penal Code section 4011.6 (72 hour mental health institutionalization of in-custody defendants who are a danger to themselves, others or are "gravely disabled"), and a subsequent *in camera* review of the requested report with no party present, satisfied the due process standard of making further reasonable inquiry to resolve any doubt as to petitioner's mental competence to proceed to, or continue with, trial in this case [3];

5. If the answers to questions 2 and 3 are assumed in the affirmative and 4 in the negative, what remedy exists in federal habeas corpus.

///

///

///

///

---

[1] The court notes that the exhibits referenced above indicate that the trial judge in Department 37 (Hon. Davidian) requested the psychological report for the purpose of assessing petitioner's mental state, and that such report arrived in Department 37 on March 8, 2010 as a result of that request. Moreover, the court minutes referenced in the exhibits, the report itself, and even the official CT indicate that the report was requested by the court to assess petitioner's mental status, CT 17, 401 ("Jail Psych Report considered….The Court ruled def Jones is capable of continuing participation in this jury trial." Ct 17 (March 8, 2010 entry)).

[2] The court finds no specification by the trial judge on the record in or about the beginning of March 2010 that he entertained a doubt as to petitioner's competence to continue with trial, and if so, why did he have that doubt; there exists no stated reason why the ex parte request for mental health information, apparently made on March 4, 2010 (the last day of court before March 8, 2010 according to petitioner's exhibits), was needed.

[3] Nothing in the record of this case would lead to the conclusion that the trial judge thought petitioner posed a threat of serious injury to himself or others. If the court thought him possibly "gravely disabled" from a mental health standpoint, such might well constitute a doubt about petitioner's competence to proceed.

1   The court desires simultaneous briefing, and will not set a three-step
2   motion/opposition/reply schedule.  Further briefing by both parties on the questions raised by the
3   court is to be filed no later than February 12, 2016.
4   IT IS SO ORDERED.
5   Dated: January 11, 2016

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE